𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

GRANT, EXECUTOR V. CHESAPEAKE AND OHIO RAILWAY CO.
AND OTHERS.

January 12, 1915.

Absent, Keith, P.

1. · RIPARIAN RIGHTS—*James River Above Tide—Title of Water.*—
The title to the water in James river above tide and between
the termini of the James River and Kanawha Canal is vested
in the Commonwealth and its grantees, and not in the riparian
proprietors.

2. RIPARIAN RIGHTS—*James River Above Tide—Ownership of
Water—Laches—Case in Judgment.*—The appellant has, for
more than half a century, stood by and, without objection,
witnessed the exclusive appropriation of the water of James
river above tide by the State and its grantees; he has, more-
over, seen contracts entered into with the city of Richmond
for its present water supply and such other changes in the
condition and relation of the property and the parties as
would render it inequitable at this time to permit his claim
to be enforced, however meritorious it originally may have
been. It is now too late, and the consequences would be too
grave, to entertain a bill to enjoin the exercise of rights of
such vital importance to the public and others, and which
have been so notoriously asserted and so long continued with-
out challenge. The decision in *Old Dominion Iron & Nail Co.
v. Ches. & O. R. Co.,* 116 Va. 166, is adhered to.

Appeal from a decree of the Law and Equity Court of the
city of Richmond. Decree for the defendants. Complain-
ant appeals.

*Affirmed.*

The opinion states the case.

*Willis B. Smith* and *Samuel A. Anderson,* for the ·ap-
pellant.

*Henry Taylor, Jr.,* and *H. R. Pollard,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an analogous case to that of the *Old Dominion Iron and Nail Works Company* v. *The Chesapeake and Ohio Railway Company and the City of Richmond,* an opinion in which, affirming the decree of the Law and Equity Court of the city of Richmond, was handed down at the March term, last, of this court, 116 Va. 166, 81 S. E. 108.

The essential facts upon which the rights asserted in both cases depend in effect are the same. Indeed, the similarity between the two cases is conceded in the petition for appeal in this case, and the truth of that admission is made manifest by an examination of the bills and exhibits in each. Both cases were pending in the Law and Equity Court at the same time, and the bills in both were dismissed on demurrer.

1. The general question of the alleged right of appellant and others to the water of James river arising purely out of riparian ownership has been dealt with and determined in the *Old Dominion case.* There it was held that title to the water of the river above tide and between the termini of the James river and Kanawha canal was vested in the Commonwealth and its grantees and not in the riparian proprietors, and we have no disposition to recede from that conclusion.

2. Concerning the special claim to water-power on the south side of James river that the predecessors in title of appellant in time past may have had, we are of opinion that such claim has long since been lost by laches and lapse of time. For more than a half century they stood by and without objection witnessed the exclusive appropriation of the water of the river by the State, and the transfer of its rights therein successively to the James River Company,

the James River and Kanawha Company, the Richmond and Alleghany Railroad Company, and the Chesapeake and Ohio Railway Company. They moreover saw contracts entered into with the city of Richmond for its present water supply, and such other changes in the condition and relation of the property and the parties as would render it inequitable at this time to permit the claim to be enforced, however meritorious it originally may have been. It is now too late and the consequences would be too grave to entertain a bill to injoin the exercise of rights of such vital importance to the public and others, and which have been so notoriously asserted and so long continued without challenge. To such a situation the maxim *Vigilantibus non dormientibus leges subvenient* applies with full force.

In the Old Dominion suit the controlling questions common to both cases, after full argument and upon careful deliberation, were resolved in favor of the appellees, and it is unnecessary to review in detail the contentions there made and the law applicable thereto. Our only purpose here is to emphasize in a general way the fact that there are no such differentiating features between the two cases as should call for a different decision in the present case from that rendered in the former.

The decree appealed from must, therefore, be affirmed.

*Affirmed.*