## H. LISSNER & CO., Inc., v. OCEANIC STEAM NAV. CO., Limited.

Circuit Court of Appeals, Second Circuit.
January 7, 1929.

No. 136.

Harry D. Thirkield, of New York City, for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray Rood Allen and Norman M. Barron, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. This appeal is from an alleged interlocutory decree which provides as follows:

"Ordered, that libelant's said damages be computed on the basis of the $100 per package clause contained in the bill of lading set forth in the libel, and not on any higher basis: Provided, however, that the allegations of said libel which have not been admitted by respondent in its answer be duly established before the commissioner by stipulation between the parties or by proof."

Such a determination is not an interlocutory decree in admiralty, determining the rights and liabilities of the parties as the statute provides. 44 Stat. L. 233 (28 USCA § 227). It is not now reviewable. The correctness of such an order may not be tested until the rights and liabilities of the parties have been determined, leaving only the question of damages for determination.

Appeal dismissed.

## MORRISETTE v. BOULEVARD BRIDGE CORPORATION.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1929.

No. 2770.

William P. de Saussure, of Richmond, Va. (Beverly H. Davis, of Richmond, Va., on the brief), for appellant.

Edmund M. Preston and E. Randolph Williams, both of Richmond, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

PER CURIAM. This is an action in ejectment. It appears from the face of the declaration that the land claimed by plaintiff is a part of the bed of the James river within the city of Richmond. Although it is not expressly described as the bed of the river, the description given clearly shows that this is what it is. Furthermore, plaintiff, under order of court, produced the grant to one Bernard Markham, which was alleged in the declaration to describe the land, and also the survey upon which the grant was issued and which is referred to therein; and these clearly show that the land claimed is a part of the river bed. Upon these facts appearing, the District Court sustained a demurrer to the declaration; and we think there can be no question that this ruling was correct. Old Dominion Iron & Nail Works v. C. & O. R. Co., 116 Va. 166, 81 S. E. 108; Grant v. C. & O. R. Co., 117 Va. 46, 84 S. E. 9; James River & Kanawha Power Co. v. Old Dominion Iron & Steel Corp., 138 Va. 461, 122 S. E. 344.

Affirmed.