**STARK v. TEXAS CO. et al.**

No. 8277.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1937.

T. J. Blackwell and Dewey Knight, both of Miami, Fla., for appellant.

Henry C. Eidenbach and Charles W. Hagen, both of New York City, and M. L. Mershon, of Miami, Fla., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This appeal is from interlocutory decrees in admiralty. (1) overruling a motion to dismiss a petition for limitation of liability and (2) refusing to recall and set aside an order restraining prosecution of a suit for damages, pending disposition of the petition for limitation. At the outset the question of jurisdiction presents itself.

It appears from the allegations of the pleadings in the record that on August 10, 1935, an explosion and fire occurred on the yacht Comet, in the harbor of Miami, Fla., while she was being refueled with gasoline by the supply boat, R. Ogarrio. As a result the Comet sank and became a total loss. Suit was filed in a state court by her owner, Stark, appellant herein, against the Texas Company and Reliable Southern Service Company, Inc., respectively the owner and charterer of the R. Ogarrio, to recover damages in the sum of $15,000, for the loss of the Comet. Recovery was predicated upon the ground that the owner and charterer of the Ogarrio had negligently equipped her with defective apparatus for generating electricity, which allowed a spark to be communicated to the gasoline in the tanks of the Comet, through a metal pipe used in the fueling. On January 10, 1936, the Texas Company and Reliable Southern Service Company, Inc., filed a petition in the United States District Court for the Southern District of Florida, for limitation of liability under the provisions of Rev.St., §§ 4281–4286 (T. 46 U.S.C.A. § 181 et seq.) An ad interim stipulation for value was given. Monition and a restraining order issued. Thereafter Stark filed motions in the federal court to dismiss the limitation proceedings and to recall the restraining order. It later developed that Stark's was the only claim filed. The motion to dismiss was overruled on February 14, 1936. Consideration of the motion to recall the restraining order was postponed until after filing of an answer by Stark. The answer contested the right to limitation on the ground of unseaworthiness, with privity and knowledge of the owner of the vessel. Further hearing was had on this motion and it was overruled on September 30, 1936. This appeal was taken within 15 days thereafter.

■ Appellant relies upon the provisions of section 129 Judicial Code, as amended by the Act of February 13, 1925 (28 U.S.C.A. § 227), which allow an appeal, to be taken within 30 days, from an order refusing to dissolve an interlocutory injunction. These provisions of section 129 apply only to injunctions issued in equity proceedings and have no application to an interlocutory order issued in a suit in admiralty. Appeals from interlocutory decrees in admiralty, to be taken within 15 days, are governed by the amendment of section 129 by the Act of April 3, 1926 (28 U.S.C.A. § 227), and are allowed only when the interlocutory decree determines rights and liabilities of the parties. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 635, 79 L. Ed. 1263. It has always been the practice in courts of admiralty, in certain cases, to first determine the liabilities of the parties to the suit and then refer the case to a commissioner to take evidence and fix the measure of damages. Prior to the amendment, no appeal would lie from the preliminary decree. It was to avoid delay and the expense of taking further evidence, that might prove to be useless, if the decree as to liability should be reversed, that the amendment was adopted.

■ This appeal does not come within either the letter or intent of the amendment. Conceding, arguendo, that appellant may have the right to establish the amount of his claim at common law in a state court, Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, there is no doubt that exclusive jurisdiction to determine the right of appellees to limitation of liability is in the federal court when the jurisdiction of that

court is invoked. Metropolitan Redwood Lumber Co. v. Doe (The San Pedro), 223 U.S. 365, 32 S.Ct. 275, 56 L.Ed. 473, Ann. Cas.1913D, 1221; Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212; Larsen v. Northland Trans. Co., 292 U.S. 21, 54 S. Ct. 584, 78 L.Ed. 1096. In that proceeding appellant may contest limitation and establish his claim. If he prevails on both issues, he may have judgment for the amount of his claim both in rem and in personam. Hartford Accident & Indemnity Co. v. Sou. Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. We consider the orders complained of are not appealable as they do not affect substantial rights of appellant nor fix the liability of the parties. Lissner & Co. v. Oceanic Steam Nav. Co. (C.C.A.) 30 F. (2d) 290; The Maria (C.C.A.) 67 F.(2d) 571.

We are without jurisdiction to entertain the appeal. It is dismissed.