**POSTAL S. S. CO., Inc., v. INTERNATIONAL FREIGHTING CORPORATION, Inc.**

**THE BEN.**

No. 10274.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1943.

Jos. M. Rault and Benjamin W. Yancey, both of New Orleans, La., and Earle Farwell and John C. Crawley, both of New York City, for appellant.

Thomas H. Middleton, of New York City, and Harry F. Stiles, Jr., of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The Barge "Ben", owned by appellant and chartered by appellee, sank. The entire vessel and its cargo were lost except a lifeboat valued at $150. Appellant filed petition for exoneration from, or limitation of, liability, and secured an injunction against any other legal proceedings against it with respect to liability arising out of the sinking pending determination of the limitation proceedings.

Appellee, as charterer of the vessel and bailee of the cargo, filed its claim in the limitation proceedings, reserving its rights to arbitration under the charter party. Thereafter on motion of appellee, the limitation of liability proceedings were stayed pending the arbitration proceedings, and the earlier injunction granted to appel-

lant was modified so as to permit the arbitration to be had. From the last order staying the limitation proceedings and modifying the earlier injunction appellant has appealed. The first question is whether this order is appealable.

Section 17 of the charter party provided that any dispute under the charter party arising within one year after the completion of the voyage should be settled by arbitration. The court modified appellant's injunction to permit the parties to proceed to arbitration in compliance with the provision of the charter party. Nothing in the charter party referred to or attempted to control limitation of liability proceedings given as a matter of right by Act of Congress and jurisdiction over which is vested exclusively in the district courts.

It is claimed that Section 227 of Title 28 U.S.C.A., provides for appeals in admiralty from orders modifying an interlocutory injunction, but in Stark v. Texas Co., 5 Cir., 88 F.2d 182, this court held that the statute had general application only to interlocutory injunctions in equity, not in admiralty, and only gave a right of appeal in admiralty when the interlocutory decree determined the rights and liabilities of the parties.

This court is given appellate jurisdiction in admiralty cases under two statutes. The order was not a final decree in admiralty, appealable under 28 U.S.C.A. § 225, nor was it an interlocutory decree in admiralty determining the rights and liabilities of the parties under 28 U.S.C.A. § 227. Appellant's contentions under these statutes are based upon the erroneous premise that the district court ousted its own jurisdiction over the limitation proceedings by permitting "arbitration of the issues herein". We do not construe the order to mean that the question of limiting liability is submitted to arbitration or that, when hearings are resumed in the court below, the court will be bound by any action taken by the arbitrators with respect to limitation of liability.

As the property surrendered to the admiralty court is valued at only $150, it may be that the issue as to limitation of liability should first be tried, since a holding therein in favor of appellant might render useless any further proceedings; but the matter rests in the sound discretion of the district court, and we cannot say that there has been an abuse thereof in this

case. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.

It follows that the appeal should be dismissed and the application to file a petition for mandamus denied. It is so ordered.