### THE BEN.

**Petition of POSTAL STEAMSHIP CO., Inc.**

**No. 531.**

District Court, E. D. Louisiana, New Orleans Division.

April 22, 1943.

Barry, Wainwright, Thacher & Symmers, of New York City, and Terriberry, Young, Rault & Carroll, of New Orleans, La., for petitioner.

Hill, Rivkins, & Middleton, of New York City, and Deutsch, Kerrigan & Stiles, of New Orleans, La., for claimant.

CAILLOUET, District Judge.

The petition of Postal Steamship Company, Inc., herein is one praying for judgment decreeing it "not liable to any extent for any loss, damage, injury, or destruction, or for any claim whatsoever arising in consequence of the matters and happenings recited in the foregoing petition; or, in the alternative, if the Court should adjudge that petitioner is liable in any amount therefor, its liability may be limited to the amount or value of its interest in the Barge Ben and its strippings in the condition that the barge was after the sinking, etc."

The petition avers the charter of said named barge Ben and another from International Freighting Corporation, Inc., and a photostat of the charter party is annexed to and made to form part of said petition.

The charter party specifically provides, under paragraph 17 thereof, as follows: "17. Any dispute under this charter party which arises within one year after the completion of the voyage shall be settled in the City of New York by Owners and Charterers each appointing an arbitrator conversant with shipping matters, and the two thus chosen, if they cannot agree, shall nominate an umpire, whose decision shall be final. Should one of the parties refuse or neglect to appoint an arbitrator within twenty-one days after receipt of a written request to arbitrate from the other party within said one year period, the single arbitrator appointed shall have the right to decide alone and his decision shall be binding on both parties. For the purpose of enforcing awards, this Agreement may be made a rule of court on the application of either party to this charter party."

In keeping with Admiralty Rule 51, 28 U.S.C.A. following section 723, appraisement of petitioner's interest in the strippings of the sunken Barge Ben, i. e. one lifeboat valued at $150, was duly made, stipulation therefor filed, monition issued, and in response thereto the International Freighting Corporation, Inc., damage-claimant (without waiving its right to compel arbitration under the specific contract terms providing therefor but, on the contrary, expressly reserving the same and seeking to have a stay of proceedings ordered by the Court against petitioner's prosecution of its action to establish its non-liability, or in the alternative, its right to limitation of liability), filed its claim for (1) $8,003.25 damage allegedly sustained by the loss of its profit on the freight, as in the sworn written evidence of claim fully detailed, and (2) as bailee of the lost cargo of 3557 tons of sulphur in bulk, $70,000.

On the same day, there was filed the affidavit of one of the proctors of said damage-claimant, reproducing Article or Paragraph 17 of the aforementioned charter party, and immediately thereafter reciting:

"The question of liability of petitioner herein for the loss of said sulphur, and of its right to limitation of or exoneration from such liability, must be determined pursuant to the provisions of the charter party, and this limitation proceeding is a dispute arising under the charter party, within the meaning of the arbitration agreement above quoted.

"Damage-claimant, International Freighting Corporation, Inc., is ready and willing to submit this dispute to arbitration and to name an arbitrator in the City of New York conversant with shipping matters to act in its behalf in such arbitration. Proctors for claimant have so informed proctors for petitioner, but petitioner has neglected and refused and still refuses to submit the matter to arbitration in accordance with its agreement.

"Wherefore, deponent prays that this Honorable Court will make an order staying the trial of this action until an arbitration has been held in New York in accord-

ance with the terms of the charter party agreement as above set forth, and that damage-claimant may have such other and further relief as may be proper."

Upon a hearing had in due course, the Court declared (so reads the minute entry) the motion well-founded and directed counsel for damage-claimant to draw the appropriate order and to present the same to the Court for signing.

An order staying the trial of the action "pending compliance with the arbitration provisions of the charter party agreement existing between petitioner and the damage-claimant" was thereupon presented for signature and was duly signed by the Court.

The antecedent and first order of the Court of September 10, 1941, having included a stay and restraint of all proceedings growing out of any of the petition's recited state of facts, *except in the action begun by said petition,* the proctor for the damage-claimant *then* represented to the Court the necessity of amending its order, so staying trial pending arbitration, by the addition of the following matter, viz.: "And it is further ordered that the order of this Court dated September 10, 1941, be and the same hereby is modified to permit the said International Freighting Corporation, Inc., damage-claimant and petitioner herein, to proceed to arbitration of the issues herein in compliance with the arbitration provision of the charter party agreement existing between petitioner and damage-claimant."

Accordingly, the requested order was granted and signed.

To the best of my recollection (which, it is but fair to say, does not accord, I am informed, with that of either of the proctors who appeared at the trial of the damage-claimant's said application for a stay of the petitioner's proceedings pending arbitration), the Court's grant of the sought-for stay was for no other purpose than to have settled by arbitration, in keeping with the contract made part of petitioner's pleadings, the "dispute" as to the existence of liability vel non in petitioner, so that *if* liability were reflected by the arbitration award, then, *but only then,* the petitioner's *alternative* prayer for the restriction and *limitation* of said liability down to the record's $150 valuation might be considered by the Court, to the end that, if well-founded, the *liability* (the existence of which is a condition sine qua non to the granting of the decree *limiting liability*) established by the arbitration award might then be *limited,* so as not to let the same exceed the amount or value of the "owner's" interest. 46 U.S.C.A. § 183.

The definiteness of my said recollection is reinforced by reading a memorandum that I penned on the brief of the proctors for the petitioner at the time of granting the stay, which reads to the same effect and I note, particularly, my reference to the fact that jurisdiction remained in the Court to adjudicate as to the question of *limitation* of liability *if,* as a matter of fact, arbitration established liability in petitioner, and that *then,* if the claimed right to *limitation* was itself justified before the Court, the amount of actual recovery by the damage-claimant would, necessarily, be affected thereby inasmuch as it could not be permitted to exceed the value of the petitioner's interest.

To the end that the *record,* as now appearing, may be corrected to evidence the true facts, if that be necessary, the third and final paragraph of the minute entry of January 21, 1942, will be ordered amended so as to hereafter read as follows, to-wit: "Whereupon, after hearing argument of proctors for the respective parties, and on consideration thereof, the Court announced that the stay would be granted in order to permit arbitration as to liability vel non in petitioner, and charged proctors for the damage-claimant to prepare and present for the Court's signature, the appropriate order."

And the said Court order which was thereupon prepared, presented and signed, on January 26, 1942, shall, in accordance with foregoing action, be, and the same is, hereby amended by changing the final period in its second paragraph to a comma and adding, immediately after such comma, the following matter, viz., "insofar as liability vel non in petitioner is at issue."

The petitioner appealed from the Court's order of January 26, 1942 (as amended by the supplemental order of February 16, 1942), and the United States Circuit Court of Appeals for the Fifth Circuit, Postal S. S. Co. v. International Freighting Corp., 133 F.2d 10, 11, in dismissing said appeal because (so it held) the Court order was not a final decree in Admiralty, observed:

" * * * We do not construe the order to mean that the question of limiting liability is submitted to arbitration or that, when

hearings are resumed in the court below, the court will be bound by any action taken by the arbitrators with respect to limitation of liability.

"As the property surrendered to the admiralty court is valued at only $150, it *may be* that the issue as to limitation of liability should first be tried, since a holding therein in favor of appellant *might* render useless any further proceedings; but the matter rests in the sound discretion of the district court, and we cannot say that there *has been* an abuse thereof in this case. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212." (Italics mine.)

Then followed the filing of petitioner's motion, seeking to have this Court first try the issue of liability limitation before permitting that of liability vel non to be arbitrated.

Such was duly heard on March 31, 1943.

The Court being of opinion that the parties, having contracted for arbitration of the dispute of liability vel non, must be held to have done so with full knowledge and recognition of the fact that any liability as might be found to exist was subject to the full force and legal effect of the provisions of R.S. §§ 4283–4286, 46 U.S.C.A. §§ 183–186.

While it may be true that the cost of arbitration procedure will be out of proportion to the possible recovery, *if*, as a matter of fact, arbitration establishes existence of liability and limitation of *that* liability down to $150 or less be thereafter decreed, the possibility of just such a situation existed, within legal purview, at the time that the parties contracted for arbitration.

The damage-claimant insists upon strict compliance with the contract terms; it is only upon such compliance that the dispute as to liability vel non can be disposed of; the damage-claimant should not be put to the cost and effort, nor should the Court be put to the necessity, of trying the issue; whether *liability* shall be *limited* and not permitted to "exceed the amount or value of the interest" of the "owner" (46 U.S.C.A. §§ 183–186) *before the existence of liability be first established* in the only manner that it can be, and that is, by the arbitration procedure contracted for under the provisions of Article 17 of the charter party of April 5, 1941.

Admittedly, the jurisdiction of this Court to hear and determine petitioner's right to limit its liability is completely exclusive; the Court should not exercise jurisdiction, however, until *that* which is, or is not, to be *limited* actually appears to exist; the petitioner, itself, *denies that it does exist,* and the damage-claimant bears the burden of establishing such existence, *and may not succeed in doing so;* the limitation proceedings certainly would not survive such an outcome.

The petitioner's motion having for its ultimate purpose the securing from this Court of a judicial decree to the effect that petitioner's liability (the existence of which *it denies*) is limited to $150, *before the Court can be informed whether such denial is well-founded,* can not be granted, and will, therefore, be denied.