Complaint of MUCHO K, INC., for exoneration from the limitation of liability as the owner of the MOTOR VESSEL, MUCHO K.

Peggy GREGORY, Individually, and as Personal Representative of the Estate of Ira Gregory, Deceased, Susan Gregory and Gordon Gregory, Petitioner,

v.

MUCHO K, INC., Respondent.

No. 78–8183.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1978.

Jon E. Krupnick, Fort Lauderdale, Fla., for petitioner.

John W. Keller, III, Miami, Fla., for respondent.

Before BROWN, Chief Judge, and COLEMAN and VANCE, Circuit Judges.

## ON PETITION FOR PERMISSION TO APPEAL

JOHN R. BROWN, Chief Judge:

■ This is a petition for permission to appeal pursuant to 28 U.S.C.A. § 1292(b).[1] The District Judge certified for appeal the question of whether he should modify an injunction he ordered in a limitation of liability action.[2] Because we find the order independently appealable as the granting, refusal, or modification of an injunction under § 1292(a)(1), we do not have to grant permission to appeal under § 1292(b) in order to reach the merits of this procedural problem. See *Pershing Auto Rentals, Inc. v. Gaffney*, 5 Cir., 1960, 279 F.2d 546, 548, 1960 A.M.C. 1286. But in the administration of justice we ought not stop there.

This action arose from the death of Captain Ira Gregory on the ship Mucho K on September 3, 1976. The cause of death is in dispute, respondents alleging heart attack, petitioners—Gregory's wife and children—claiming electrocution due to unseaworthy conditions. On April 26, 1977, Mucho K, Inc. filed a complaint for exoneration from or a limitation of liability under 46 U.S.C.A. § 183 *et seq.* and on May 23, 1977, obtained the traditional restraining order enjoining any legal proceedings against Mucho K pending determination of the limitation action. Although the Gregorys received notice of the limitation action on June 17, 1977, they did not learn of the injunction until August 5, 1977. During the interim they filed suit against the owners and operators of Mucho K, alleging violations of the Jones Act and state wrongful death act and negligence under common law and admiralty.[3] On August 2, 1977, Mucho K moved to dismiss petitioners' complaint and to hold them in contempt for violating the injunction order. At this time, however, the Gregorys knew nothing of the injunction. They received formal notice on August 5, but refused to dismiss their complaint, arguing that if they did so, the statute of limitations would bar their claim before final determination of the shipowners' limitation of liability action. On September 27 the District Judge dismissed petitioners' complaint[4] and found them in contempt. The Gregorys then moved for modification on the May 23, 1977, order restraining prosecution of claims. The District Judge denied both this motion and a subsequent request for reconsideration,[5] and the Grego-

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir., 1969, 406 F.2d 1158.

2. Much is made by appellee about whether the orders in the admiralty court in 77–1398 are before us. The caption of the application shows both that case and the non-admiralty case 77–2207 Civ-NCR, and the Judge's order of May 17, 1978, denying the motion to amend or modify the original injunction, was entered in 77–1398.

3. At the same time, the Gregorys filed a formal claim for damages in the limitation action as required by the District Judge's order.

4. The dismissal was something less than one under F.R.Civ.P. 41(b). The Judge recognized that on varying happenings in the limitation proceeding the Court would allow the refiling of the same case. Just where this would leave the beneficiaries if by then the statute of limitations had run, no one knows.

5. The District Court actually purported to grant the motion:

The motion for reconsideration is granted, and the matter is reconsidered and denied.

rys filed this petition for permission to appeal.

We think that our opinion in *Pershing Auto Rentals, supra,* disposes of this matter. In that case we held that when *multiple* claims exceed the value of the ship and cargo, the admiralty court ought not modify an injunction it has entered in a limitation action to allow some of the claimants to try the issue of liability in a separate proceeding. We, however, distinguished *single* claim cases:

> *Langnes v. Green,* [1931, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520,] permits the claimant in a single claim situation after appropriate protective stipulation to proceed elsewhere reserving exclusive final determination of the right to limitation (and amount of the fund) to the admiralty court.

*Pershing* at 550.

 This being a single claim action, the District Judge was required to allow plaintiffs to file and pursue, subject only to the *Pershing Auto Rentals* limitation, the actions filed on the law side of the Court. The shipowner suffers no injury [6] since the admiralty court retains exclusive power over the right to limit the amount of the limitation fund. With but a single claim, the slight delay from issuance of the traditional injunction to the time the District Court dismissed the case would not justify the claimants' taking the substantial risk that the statute of limitations might run by the time the admiralty court heard and determined the limitation proceeding. *See also Guillot v. Cenac Towing Co.,* 5 Cir., 1966, 366 F.2d 898, 1966 A.M.C. 2685; *Tokio Marine & Fire Ins. Co. v. Aetna Casualty & Surety Co.,* 5 Cir., 1963, 322 F.2d 113.[7]

REVERSED and REMANDED.

6. The shipowners' limitation complaint alleged in detail the death of Captain Gregory and the receipt of written notice of the claim made by their present counsel in behalf of the surviving widow and children.

7. We make no judgment on the finding of contempt or the postponed award of costs, fees, etc.