[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11092
_____

D.C. Docket No. 9:12-cv-80829-DMM

OFFSHORE OF THE PALM BEACHES, INC.,
a Florida Corporation,
d.b.a. Freedom Boat Club,

                                        Petitioner - Appellant,

versus

LISA LYNCH,

                                        Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2014)

Before MARCUS, FAY, and WALKER,* Circuit Judges.

MARCUS, Circuit Judge:

_____

* Honorable John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by
designation.

In this admiralty action, a boat owner, Offshore of the Palm Beaches, Inc. ("Offshore"), appeals from a district court order that permitted a lone claimant, Lisa Lynch, to pursue personal injury claims in state court after Offshore had invoked the Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 (2006). Offshore argues that its forum selection should control because Lynch lost the race to the courthouse. Our case precedent instructs us that we have jurisdiction to review the district court's order as one dissolving or modifying an injunction pursuant to 28 U.S.C. § 1292(a)(1). On the merits, we affirm. The district court did not abuse its considerable discretion in determining that Lynch may proceed first in state court with her tort claim before the district court adjudicates the boat owner's efforts to limit its liability to the value of the vessel.

## I.

On October 13, 2011, Offshore owned and maintained a 2008 Everglades 27CC, a twenty-six foot vessel used as part of Offshore's Freedom Boat Club. Lynch and her husband, Michael, were members of the Club. That day the couple took the boat to sea off Palm Beach County, Florida, where, five-hundred yards from shore, they struck the wake of another craft. The concussion threw Lynch from the bow bench into the air. Gravity brought her back to the boat, with an impact she claims caused catastrophic physical injury. Specifically, Lynch alleges

2

that Offshore's negligence was to blame for damages well in excess of the vessel's $95,000 value.

A few months after the incident, on February 6, 2012, attorney Darryl Kogan wrote Offshore a letter noting his representation of Lynch and requesting the company's liability insurance information. Six months later, on August 6, 2012, Offshore sued in the United States District Court for the Southern District of Florida seeking exoneration or limitation of its liability to the value of the vessel pursuant to the Limitation Act. Soon thereafter, the district court enjoined any other cause of action against Offshore or the vessel relating to the incident.

In her answer, Lynch asserted a claim for her extensive injuries based on Offshore's failure to exercise reasonable care. On October 22, she moved to dismiss, stay, or lift the injunction to allow her to proceed in state court and try her common law tort claim to a jury, invoking the single claimant exception to exclusive federal admiralty jurisdiction otherwise reposed in the district court under the Limitation Act. Following unambiguous case precedent, she included in her motion a set of detailed stipulations designed to protect Offshore's right to litigate any limitation of liability in federal district court:

**Stipulations of Claimant in Support of Claimant's Motion to Dismiss, Stay And/or Lift the Injunction in this Matter and Permit the Claimant to Proceed in State Court**

Provided the Court lifts its Monition and Injunction of August 10, 2012 (D.E. 6) and stays this action to permit the single Claimant to

3

proceed against the Petitioner in a state court action for personal injury, the single Claimant, LISA LYNCH, stipulates and agrees as follows:

1.    That the Petitioner, OFFSHORE, has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § [30501] et seq., in this Court, and this Court has exclusive jurisdiction to determine that issue.

2.    That the Petitioner has the right to have this Court determine the value and the Petitioner's interest in the vessel Model year 2008, Everglades 27CC, Bearing Hull Identification No.: PJDB1043B708 and any other vessel determined by this Court to be a proper part of the limitation fund, such value and interest to be the value and interest in the vessel(s) as provided by the applicable federal law immediately following the incident at issue, and this Court has exclusive jurisdiction to determine that issue.

3.    That the Claimant will not seek a determination of the issues set forth in paragraphs (1) and (2) above in any state court, or any other forum outside of this limitation proceeding, and consents to waive any res judicata or issue preclusion effect the decisions, rulings or judgments of any state court, or any other forum outside of this limitation proceeding, might have on those issues.

4.    That the Claimant will not seek to enforce any judgment rendered in any state court, or any other forum outside of this limitation proceeding, against the Petitioner that would expose the Petitioner to liability in excess of the limitation fund to be determined by this Court, until such time as this Court has adjudicated the Petitioner's right to limit that liability.  In the event this Court determines that the Petitioner is entitled to limit its liability, the Claimant agrees that it will not seek to enforce any judgment that would require the Petitioner to pay damages in excess of the limitation fund to be determined by this Court.

On February 12, 2013, the district court entered a final default as to all

persons who did not file a timely claim or answer against the vessel.  In fact,

4

Lynch was the only claimant who had filed a claim with the court. On February 20, the district court entered an order (the one at issue today) that lifted the injunction and stayed the federal proceeding in order to allow Lynch to litigate Offshore's liability in a Florida forum. The court directed the clerk to close the case for administrative purposes. Offshore filed a timely notice of appeal. The district court denied Offshore's motion to stay its order pending appeal.

## II.

Offshore asserts that we have appellate jurisdiction to review the court's action as a final order pursuant to 28 U.S.C. § 1291,[1] or as a non-final order determining "the rights and liabilities of the parties to admiralty cases" under § 1292(a)(3).[2] Lynch disagrees. Our case precedent instead compels the conclusion that we have jurisdiction under § 1292(a)(1) to review the trial court's order modifying or dissolving an injunction.[3]

Early Fifth Circuit case-law held that parties could not appeal admiralty orders that modified injunctions in limitation actions under the precursors to any of

---

[1] "[T]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291.

[2] "[T]he courts of appeals shall have jurisdiction of appeals from: . . . (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Id. § 1292(a).

[3] "[T]he courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." Id. (emphases added).

the three provisions -- §§ 1291, 1292(a)(1), or 1292(a)(3).[4] See Postal S.S. Co. v. Int'l Freighting Corp., 133 F.2d 10, 11 (5th Cir. 1943); Stark v. Tex. Co., 88 F.2d 182, 183 (5th Cir. 1937).  Applying a dated distinction between the law, equity, and admiralty sides of a federal district court's jurisdiction, these cases concluded that interlocutory admiralty appeals fall within the explicit admiralty provision of § 1292(a)(3).[5]  See Stark, 88 F.2d at 183 ("Appeals from interlocutory decrees in admiralty . . . are allowed only when the interlocutory decree determines rights and liabilities of the parties.").  In reaching this result, the early cases relied on Schoenamsgruber v. Hamburg America Line, 294 U.S. 454, 457-58 (1935), which held that federal jurisdiction to review orders affecting injunctions (§ 1292(a)(1)) "extends only to suits in equity" because the inclusion of the specific admiralty provision of § 1292(a)(3) "indicates that Congress did not intend to make appealable any other interlocutory decrees in admiralty."  In other words, the specific admiralty grant in § 1292(a)(3) governed to the exclusion of the general injunction provision in § 1292(a)(1).  Moreover, because a stay in a limitation action did not determine "the rights and liabilities of the parties," the specific admiralty provision in § 1292(a)(3) did not provide jurisdiction.  See Postal S.S.,

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding all Fifth Circuit precedent handed down before October 1, 1981.

[5] At the time of these decisions, § 1292(a)(3) was codified at 28 U.S.C. § 227.

133 F.2d at 11.  Therefore, an appellate court could not review a district court order modifying an injunction in a limitation action.

In 1960, however, a panel of the Fifth Circuit in binding precedent held that the Supreme Court had abrogated the Circuit's earlier cases, Postal S.S. and Stark. See Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 547-48 (5th Cir. 1960). Pershing concluded that, in light of the Supreme Court's decision in Lake Tankers Corp. v. Henn, 354 U.S. 147 (1957), appellate jurisdiction existed under § 1292(a)(1) to review a modification to a Limitation Act injunction.  279 F.2d at 547-48. ("For accepting our prior decisions, Stark [and] Postal S.S., as holding to the contrary, we think that Lake Tankers, in this context at least, requires that we no longer adhere to them." (citations omitted)).

After Pershing, a series of Circuit cases permitted § 1292(a)(1) interlocutory review of admiralty injunctions.  Thus, for example, when a trial court enjoined salvage operations at a wreck site, the former Fifth Circuit cited Pershing in hearing an appeal that challenged the injunction:

> We do not . . . believe that § 1292(a)(3) provides the exclusive authorization for interlocutory appeals in admiralty.  In admiralty cases where injunctive orders are entered which would be appealable under § 1292(a)(1) if entered in the course of an ordinary civil proceeding, interlocutory appeals will properly lie under that statutory provision.  Prior to the unification of the admiralty rules with the federal civil rules it was generally presumed that the admiralty judge lacked the chancellor's power to order injunctive relief; therefore, the question whether appeals could be taken from such orders in admiralty cases under § 1292(a)(1) was seldom posed.  The question

7

did, however, arise in the context of injunctions entered in limitation of liability proceedings which barred prosecution of other actions while the limitation action proceeded.  We held that such injunctions, and orders modifying them, were appealable under § 1292(a)(1).

Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 640 F.2d 560, 564-65 (5th Cir. Mar. 1981) (emphasis added).  Treasure Salvors also cited approvingly to Wright and Miller, who thought it "plain that application of § 1292(a)(1) should depend on whether the district court has in fact issued or denied an injunction, not on whether the proceedings are designated as in admiralty.  The policies permitting appeal are completely unaffected by the historic distinction between law, equity, and admiralty jurisdiction."  Id. at 565 (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure 113 (1977)); see also 16 Charles Alan Wright et al., Federal Practice and Procedure § 3927 (2d ed. 1996 & Supp. 2013) (opining that, in the context of § 1292(a)(1), "any residual distinctions between admiralty and other civil actions are irrelevant").

Still other binding Circuit cases in the Limitation Act context have likewise found appellate jurisdiction under § 1292(a)(1).  See Complaint of Mucho K, Inc., 578 F.2d 1156, 1157 (5th Cir. 1978) ("[W]e find the order independently appealable as the granting, refusal, or modification of an injunction under § 1292(a)(1) . . . . See Pershing." (citation omitted)); Beal v. Waltz, 309 F.2d 721, 723 (5th Cir. 1962) (citing Pershing and accepting § 1292(a)(1) jurisdiction to review denial of a motion to modify an injunction in a limitation action); see also

8

Beiswenger Enters. Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996) (accepting jurisdiction without discussion when both parties on appeal cited § 1292(a)(1)). However, two cases -- one from the old Fifth Circuit and the other from this Court -- continued to apply Postal S.S. and Stark as barring § 1292(a)(1) interlocutory jurisdiction, without mentioning Pershing.  See State Establishment for Agric. Prod. Trading v. M/V Wesermunde, 770 F.2d 987, 990 (11th Cir. 1985); Austracan, (U.S.A.) Inc. v. M/V Lemoncore, 500 F.2d 237, 240 (5th Cir. 1974).

Under our prior precedent rule, we are bound to follow a binding precedent in this Circuit "unless and until it is overruled by this court en banc or by the Supreme Court."  United States v. Martinez, 606 F.3d 1303, 1305 (11th Cir. 2010) (quoting United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008)). We inherited this rule from the old Fifth Circuit, which had similarly deferred to prior precedent.  See, e.g., Davis v. Estelle, 529 F.2d 437, 441 (5th Cir. 1976). Therefore, when faced with an intracircuit split, we look to the earliest case not abrogated by the Supreme Court or by this Court sitting en banc.  See Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003) ("[W]hen circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel." (quoting Walker v. Mortham, 158 F.3d 1177, 1188 (11th Cir. 1998))).  By holding that the Supreme Court had abrogated the old Fifth Circuit decisions limiting § 1292(a)(1)

9

interlocutory appeals in admiralty actions, Pershing in 1960 became the earliest case to decide the issue we face today for purposes of measuring prior precedent. Notwithstanding that some subsequent Circuit decisions overlooked Pershing, we are obliged to follow it.  We have § 1292(a)(1) jurisdiction.[6]

### III.

Turning then to the merits, we review a district court's decision to stay a limitation action arising under the Limitation Act and to modify a related injunction for abuse of discretion.  Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 440 (2001); Garrido v. Dudek, 731 F.3d 1152, 1158 (11th Cir. 2013).  A ruling based on an error of law is an abuse of discretion.  Young v. New Process Steel, LP, 419 F.3d 1201, 1203 (11th Cir. 2005).

The Limitation Act plainly allows a vessel owner to limit its liability to the value of the vessel for any claim arising from a maritime incident that occurred "without the privy or knowledge of the owner."  46 U.S.C. § 30505.[7]  An owner

---

[6] Because Pershing makes clear that we have appellate jurisdiction under § 1292(a)(1), we need not address whether we also might have jurisdiction under §§ 1291 or 1292(a)(3).  Thus, we have no occasion to consider whether the holdings in Postal S.S. and Stark concerning these sections remain binding precedent in this Circuit.

[7] The Limitation Act provides in relevant part:

> (a) . . . [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. . . .

> (b) . . . Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or

may bring a limitation action in federal district court within six months of receiving written notice of a claim. Id. § 30511. The owner must deposit with the district court an amount (or an approved security) equal to the value of the vessel. Id. When the complaint and the deposit are submitted, "all claims and proceedings against the owner related to the matter in question shall cease." Id. The court then is directed to issue notice to all persons asserting claims against the vessel arising from the incident. Fed. R. Civ. P. Supp. R. F(4). The court may subsequently enter a default against any potential claimants who have not submitted timely filings. Those who do assert claims form a concursus that allows the district court to determine the liability of the owner to each individual in a single proceeding, constraining the total liability to the value of the vessel. See, e.g., Beiswenger, 86 F.3d at 1036 ("If the vessel owner is found liable, but limitation is granted, the admiralty court distributes the limitation fund among the damage claimants in an equitable proceeding known as a concursus."). The Act thus provides the federal courts with "exclusive admiralty jurisdiction to determine whether the vessel owner is entitled to limited liability." Id.

---

destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

46 U.S.C. § 30505.

11

However, as our courts have long observed, this exclusivity of admiralty jurisdiction rubs up against the "saving to suitors" clause, which grants to the district courts original jurisdiction over admiralty cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333; see Lewis, 531 U.S. at 448 ("Some tension exists between the saving to suitors clause and the Limitation Act."). This clause "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." Beiswenger, 86 F.3d at 1037. The Supreme Court has limited the tension between the Limitation Act and the "saving to suitors" clause by carving out an exception when a vessel owner faces only a single claimant. See Langnes v. Green, 282 U.S. 531, 542 (1931) (approving of a district court's conclusion "that, where there was only a single claim, there was no need for the adoption of the peculiar and exclusive jurisdiction of the admiralty court; and that an answer setting up the limitation of liability would give the shipowner the relief to which he was entitled"); see also Lewis, 531 U.S. at 451 ("[T]he Courts of Appeals have generally permitted claimants to proceed with their claims in state court where there is only a single claimant, as in Langnes, or where the total claims do not exceed the value of the limitation fund, as in Lake Tankers."). In a single claimant case, the district court may, at its discretion, order a stay of the limitation action to allow the claim to be tried in another forum. See Lewis, 531 U.S. at 448-51.

12

Before a stay may issue, however, the claimant must enter a series of stipulations that "effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." Beiswenger, 86 F.3d at 1038.  This bifurcated procedure is far from novel.  Indeed, the single claimant exception has been applied for over a century.  See Langnes, 282 U.S. at 542 (citing The Lotta,150 F. 219, 222 (D.S.C. 1907)).

Offshore's arguments on appeal misunderstand the nature of this framework. Offshore first claims that it, not Lynch, was the relevant "suitor" entitled to its forum of choice because it initiated the limitation action.  In essence, Offshore calls for a race to the courthouse, where the first party to file assumes "suitor" status and secures its forum of choice.  The Limitation Act provides no such weapon to vessel owners.  Lynch is the only § 1333 "suitor" in this case because she held the personal injury claim at issue.  See, e.g., Lake Tankers, 354 U.S. at 153 (equating Limitation Act "claimants" with § 1333 "suitors": "Congress not only created the limitation procedure for the primary purpose of apportioning the limitation fund among the claimants where that fund was inadequate to pay the claims in full, but it reserved to such suitors their common-law remedies" (emphases added)).  Offshore, a vessel owner that sought only to use the Act to cabin its liability in anticipation of Lynch's lawsuit, does not qualify.

13

Moreover, a first-to-file rule would conflict with the narrow nature of the Act, which serves to protect vessel owners' rights to limited liability, not to give them a choice of forum for defending claims. See Lewis, 531 U.S. at 450-51; see also Lake Tankers 354 U.S. at 152-53 ("The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability."). We feel no urge to expand in this way a statute our cases deem "hopelessly anachronistic." Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1564 (11th Cir. 1985); Univ. of Tex. Med. Branch at Galveston v. United States, 557 F.2d 438, 441 (5th Cir. 1977). Offshore asks that we do what the Supreme Court forbids: "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights." Lake Tankers, 354 U.S. at 152. We decline the invitation. Though Lynch had not filed a "suit" before Offshore sought refuge under the Act in the district court, the single claimant exception and the "saving to suitors" clause protect her choice of forum.

Finally, to the extent Offshore argues that Lynch cannot escape federal admiralty jurisdiction because Lynch elected that forum by filing her claim in the district court Limitation Act proceedings, we remain unpersuaded. Submitting a claim in a limitation action initiated by a vessel owner does not amount to an

14

election that precludes a claimant from seeking a state forum. See, e.g., Beiswenger, 86 F.3d at 1037-38 (explaining how those who file claims in a limitation action may pursue state remedies). A party's election to bring its case in admiralty pursuant to Rule 9(h) can create a binding selection of federal admiralty jurisdiction.[8] See St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1187 (11th Cir. 2009). But, as the district court found, Lynch filed a claim in the limitation action "premised on Florida common law." Lynch made no Rule 9(h) election. When a vessel owner initiates a limitation action and an injured party submits a claim, the single claimant exception may still be available to allow suit in an alternate forum.

Offshore waived its remaining arguments on appeal by failing to raise them before the district court. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the

---

[8] In full, Rule 9(h) reads:

(h) Admiralty or Maritime Claim.

(1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

(2) Designation for Appeal. A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3).

Fed. R. Civ. P. 9.

15

first time in an appeal will not be considered by this court." (quoting Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994))).[9] Offshore contends that the single claimant exception does not apply because Lynch's daughter may also have suffered injuries and, as a minor, she could avoid procedural default. But at no time did Offshore bring this issue to the attention of the district court, which found as an uncontested matter that Lynch was the only claimant. As a result, Offshore has waived its objection to the court's determination of single claimant status. See id.

Offshore also voices displeasure -- for the first time on appeal -- about the sufficiency of Lynch's stipulations, complaining both that they did not fully protect Offshore's rights and that they were never filed with the district court. In section II of her motion seeking relief from the injunction, Lynch stipulated in detail, as we have noted, that Offshore had the right to litigate the limitation of liability and the

---

[9] None of the recognized exceptions to our waiver rule apply here:

> First, an appellate court will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance where the interest of substantial justice is at stake. Fourth, a federal appellate court is justified in resolving an issue not passed on below . . . where the proper resolution is beyond any doubt. Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

Access Now, 385 F.3d at 1332 (alteration in original) (quoting Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2001)).

16

value of the vessel in the district court, and that Lynch would not seek to enforce a state court judgment before the district court had the opportunity to adjudicate Offshore's effort to limit its liability.  Again, this issue has been waived on appeal because Offshore never disputed in any way the sufficiency of the stipulations or the method by which they were entered before the district court.  See id.

**AFFIRMED.**