TRADAX LIMITED et al.,
Plaintiffs-Appellants,

v.

M. V. HOLENDRECHT, her engines,
boilers, tackle, etc.

and

N. V. Stoomvaart Maatschappij De Maas
and Phs. Van Ommeren, N.V.,
Defendants-Appellees.

No. 389, Docket 76–7346.

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 1977.

Decided March 15, 1977.

John T. Kochendorfer, New York City (George F. Chandler III and Bigham, Englar, Jones & Houston, New York City, of counsel), for plaintiffs-appellants.

Harold V. Higham, New York City (Richard H. Sommer and Kirlin, Campbell &

Keating, New York City, of counsel), for defendants-appellees.

Before GURFEIN and MESKILL, Circuit Judges, and BARTELS, District Judge.*

GURFEIN, Circuit Judge:

This is an appeal from on order of the United States District Court for the Southern District of New York (Duffy, J.) staying this admiralty case pending arbitration. Plaintiffs' libel in admiralty alleged that they became holders for value of bills of lading issued by the M.V. "Holendrecht," representing a cargo of corn; and that this cargo was damaged by sea water while on the "Holendrecht," which was owned and under the control of the defendants. The defendants in their answer demanded arbitration pursuant to the bills of lading, which incorporated by reference a charter party containing an arbitration clause as well as the arbitration clause itself.[1] Judge Duffy granted the defendants' motion to stay the cause pending arbitration, and transferred the matter to the Suspense Docket.

█ Appellants seek to appeal from Judge Duffy's order as improper on three grounds: First, that the defendants have no right to demand arbitration, because they were not parties to the charter of December 18, but only to a "head" charter party dated December 14, 1972, to which the bill of lading fails to refer.[2] Second, that defendant PHS. Van Ommeren, N.V., the vessel's managing agent, has no right to a stay entered in *its* favor, because it is not a party to *any* bill of lading or charter party. Finally, that it would be fruitless to compel arbitration, because under the three-month provision of the arbitration clause the claim is now time-barred.[3]

Appellants contend that the order below is not appealable. We agree. The Supreme Court held in the familiar case of *Schoenamsgruber v. Hamburg American Line*, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935), that when a district court is sitting in admiralty, a stay of the action pending arbitration under the United States Arbitration Act, 9 U.S.C. §§ 1–15, is (1) not a final order under 28 U.S.C. § 225 (now § 1291), 294 U.S. at 456, 55 S.Ct. 475; (2) not an injunction under 28 U.S.C. § 227 (now § 1292(a)(1)), *id.* at pages 456–57, 55 S.Ct. 475; and (3) not an appealable interlocutory decree under the present § 1292(a)(3), *id.* at pages 457–58, 55 S.Ct. 475. The only possible remaining basis for appeal, which was not discussed, is the collateral order doctrine which had not yet been brought into sharp focus by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

---

* Honorable John R. Bartels, United States District Judge, Eastern District of New York, sitting by designation.

1. The charter party, dated London December 18, 1972, provided that:
 "All disputes from time to time arising out of this contract, shall, unless the parties agree forthwith on a single arbitrator, be referred to the final arbitrament of two arbitrators carrying on business in London who shall be Members of the Baltic and engaged in the Shipping and/or Grain Trades, one to be appointed by each of the parties, with power to such Arbitrators to appoint an Umpire. Any claim must be made in writing and Claimant's Arbitrator appointed within three months of final discharge, and where this provision is not complied with the claim shall be deemed to be waived and absolutely barred. No award shall be questioned or invalidated on the ground that any of the Arbitrators is not qualified as above, unless

objection to his acting be taken before the award is made."

2. Plaintiffs also stress that they were not parties to either charter, but concede that their bills of lading are sufficient to obligate them to arbitrate claims against any party to the charter of December 18.

3. In the District Court, Judge Duffy ruled that this last contention was one to be resolved by the arbitrators themselves. Lest our silence be taken as agreement, we note that the appellants' argument is frivolous. The cargo owner cannot wait three months to sue, and then contend that the answer by the shipowner claiming arbitration is too late. *See Lowry & Co., Inc. v. S.S. Le Moyne D'Iberville*, 253 F.Supp. 396, 400 (S.D.N.Y. 1966), *appeal dismissed*, 372 F.2d 123 (2d Cir. 1967).

The Supreme Court in *Schoenamsgruber*, while recognizing that admiralty courts have the capacity to apply equitable principles, noted that such courts do not have general equitable jurisdiction. It thus summarily distinguished its own cases which had held that where a court grants or denies a stay of an action at law to permit the trial of an equitable defense, *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935), or a stay of the action at law pending arbitration (an equitable defense), *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935), the orders are appealable. The distinction made was that when a court of equity issues or refuses such a stay (even when the equity judge and the law judge are the same person), it is issuing or denying an injunction. And this reasoning held true even after the adoption of the one form of action by Fed.R.Civ.P. 2. *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942). When an admiralty court issues or denies such a stay, however, the *Schoenamsgruber* Court held, its order cannot be an injunction because it has no equitable jurisdiction. Its order is simply a postponement of the trial—a "mere calendar order", see *Moran Towing & Transp. Co. v. United States*, 290 F.2d 660, 662, 663 (2d Cir. 1961).

With respect to stays in admiralty, it could have been argued that Congress by statute specially conferred on admiralty courts the "equitable jurisdiction" to issue an "interlocutory injunction" pending arbitration. For a stay to permit arbitration to proceed is, even in an admiralty court, based on the statutory provision of 9 U.S.C. § 3 which is applicable to "any suit or proceeding . . . brought in *any* of the courts of the United States," (emphasis added) or, in the case of a libel in rem, on § 8 of the Act, which is applicable to admiralty courts only. In *Shanferoke, supra*, Justice Brandeis noted that the stay there was, in fact, authorized by § 3 of the Arbitration Act, 293 U.S. at 451, 55 S.Ct. 313 and that "the motion for a stay is an application for an interlocutory injunction based on the special defense." 293 U.S. at 452, 55 S.Ct. at 314. The decision in *Schoenamsgruber*, the very next term, disposed of any such argument on a motion for a stay under § 8 simply by holding that a court of admiralty had no general equitable jurisdiction. Though the Supreme Court earlier had construed the power of an admiralty court to grant a stay under § 8 of the Arbitration Act as a statutory grant, permitting it to decree *specific performance, Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 278, 52 S.Ct. 166, 76 L.Ed. 282 (1932), the *Schoenamsgruber* Court did not mention that particular holding of *Marine Transit*. Thus, a quite persuasive argument could have been made that Congress by granting to admiralty courts the right to direct the parties to proceed to arbitration when there is a libel in rem, and to stay its proceedings when the libel is in personam, meant to vest this kind of *equitable* jurisdiction in courts of admiralty. But the argument was stillborn because of the pervasive effect of the *Schoenamsgruber* decision.

The failure of the courts to address the implications of the statutory grants in the Arbitration Act is even more anomalous, as we know, because if the party in an admiralty dispute resorts to an *independent* action under § 4 of the Arbitration Act to compel arbitration, the order *is* appealable as a final order. *Lowry & Co., Inc. v. S.S. LeMoyne D'Iberville*, 372 F.2d 123, 124 (2d Cir. 1967); *Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba S.A.*, 243 F.2d 342 (2d Cir. 1957). *See The Sydfold*, 25 F.Supp. 662 (S.D.N.Y. 1938) (Patterson, J.). Though realistically such an order might be viewed merely as an intermediate step in a proceeding, as was noted by Judge Friendly, it is, nevertheless, an appealable *final* order. *Chatham Shipping Co. v. Fertex S.S. Corp.*, 352 F.2d 291 (2d Cir. 1965). *Cf. Goodall-Sanford, Inc. v. United Textile Workers of America*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957). And we have recently extended appealability, on the basis of the final order doctrine, not only to independent orders to arbitrate under the Arbitration Act, but also to a declaration of

arbitrability (in a controversy over a contract of affreightment) under the Declaratory Judgments Act, 28 U.S.C. § 2201. *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975).

On this summary review thus far we have not yet mentioned Rule 9(h) of the Federal Rules of Civil Procedure.[4] This Circuit has held that Rule 9(h) has made no change in existing law and that *Schoenamsgruber* still rules. *Penoro v. Rederi A/B Disa*, 376 F.2d 125 (2d Cir. 1967), *cert. denied sub nom. Rederi A/B Disa v. Cunard S.S. Co.*, 389 U.S. 852, 88 S.Ct. 78, 19 L.Ed.2d 122 (1968). *Accord, O'Donnell v. Latham*, 525 F.2d 650 (5th Cir. 1975); *J. M. Huber & Co. v. M/V Plym*, 468 F.2d 166 (4th Cir. 1972).

The *Schoenamsgruber* rule is applicable, of course, only to admiralty cases, and not to actions at law. *Enelow, supra; Shanferoke, supra.* And a claim which may seem to a layman to be maritime, may be a claim *at law.* If it is, an order granting or denying arbitration is an appealable order. *Carcich v. Rederi A/B Nordie*, 389 F.2d 692 (2d Cir. 1968); *cf. Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 308–09 (2d Cir. 1967).

In order to avoid the *Schoenamsgruber* rule, therefore, appellants contend that the instant case is a civil action, with admiralty as the basis for jurisdiction only. They point out that the first allegation of their complaint was that "This is a case of contract, cargo damage and nondelivery of cargo, civil and maritime, and is an admiralty and maritime claim within the meaning of [Fed.R.Civ.P.] Rule 9(h). Plaintiffs invoke the maritime procedures specified in Rule 9(h)." Appellants further note that this action has been assigned a civil case number, 75 Civ. 3173.

 The argument is unpersuasive. Pursuant to the last sentence of Rule 9(h), this pleading constituted an election to have the case treated as an *admiralty* claim, *inter alia*, for purposes of applying 28 U.S.C. § 1292(a)(3), in which case the stay would not be appealable. *Schoenamsgruber, supra.* Nor can appellants press upon us that this is a *civil* case for purposes of applying 28 U.S.C. § 1292(a)(1). For we find that, regardless of any conclusory allegation in the complaint, this is a case in admiralty. It is a suit for damage to cargo shipped at sea, brought by the holder of a bill of lading. *See* 1 Benedict on Admiralty § 222 (7th ed. 1974); Gilmore & Black, The Law of Admiralty 22 & nn.63, 65 (2d ed. 1975); *id.* at 23 & n.74.

Apparently appellants' argument that this case is a civil action is designed to bring the appeal within the *Farr-Goodall-Sanford* exception for *final* orders compelling arbitration. But that effort is unavailing. Unlike *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975), upon which appellants rely, this is not an independent action for declaratory judgment as to arbitrability, nor is this an independent suit merely to compel arbitration. This is an action for damages on the basis of an admiralty claim. The stay appealed from here, unlike the declaratory judgment issued in *Compania*, was not a "final" order.

 Though appellants may resort to § 1292(a)(3) on the ground that the order affected "substantial rights of the parties," this attempt also must fail. For this provision has been narrowly construed, *see Lowry & Co., Inc. v. S.S. LeMoyne D'Iberville*,

---

**4.** Rule 9(h) of the Federal Rules of Civil Procedure provides:

"A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. The reference in Title 28, U.S.C. § 1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h)."

372 F.2d 123, 123 (2d Cir. 1967), and basically limited to cases where there has been a determination of liability but not yet a computation of the damages, *see, e.g., In re Wills Lines, Inc.,* 227 F.2d 509 (2d Cir. 1955), *cert. denied sub nom. Tankport Terminals, Inc. v. Wills Lines, Inc.,* 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450 (1956). Moreover, *Penoro v. Rederi A/B Disa,* 376 F.2d 125 (2d Cir. 1967), *cert. denied sub nom. Rederi A/B Disa v. Cunard S.S. Co.,* 389 U.S. 852, 88 S.Ct. 78, 19 L.Ed.2d 122 (1968), reaffirmed that there is no appellate jurisdiction over stays pending arbitration under § 1292(a)(3).

We come finally to consider whether the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp., supra,* may be applied. Judge Medina did, in fact, use *Cohen* collateral doctrine language in *Compania Espanola, supra,* 527 F.2d at 973, as suggestive of appealability. *Cf. Standard Chlorine of Delaware, Inc. v. Leonard, supra,* 384 F.2d 304, 306–07 n.4. But we think that a careful reading of his opinion will indicate that Judge Medina was referring to that part of the District Court order which ordered consolidation of two causes in arbitration, rather than of the order requiring arbitration itself. As to the latter, this court did not have to support appealability under the *Cohen* doctrine, for it easily found that the order made in an *independent* action was a final order.

*Cohen v. Beneficial* was also raised in this context by Justice Black in his dissent from the denial of certiorari in our own *Rederi A/B Disa* case, *supra.* Although the denial of certiorari does not, of course, convey the Court's views, we think that the Supreme Court has been uniformly unwilling, despite grave doubts, *see Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955), to overrule *Schoenamsgruber.*

We are thus required to confine appealability in maritime matters only to stays in an action at law or to final orders in independent actions.

We have reviewed the situation once again to indicate that there has been no fundamental change in the past decade. We reiterate, in the hope of discouraging wasteful appeals, upon which we can impose sanctions if we think them to be filed for purposes of delay, that orders such as this one are *simply* not appealable. As Chief Judge Kaufman noted almost a decade ago in *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 695 (2d Cir. 1968):

"The Supreme Court has made it clear that the determination of appealability under this section [§ 1292(a)(1)] (until Congress acts) depends not on the desirability of allowing interlocutory appeals, but on outmoded historical distinctions. *See Baltimore Contractors, Inc. v. Bodinger* [348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955)]."

Both the court and the admiralty bar must still await, with patience, some word from Congress.

Appeal dismissed.