571 F.2d 318
 W. R. GRACE & COMPANY, a Connecticut Corporation, Plaintiff-Appellee,
v.
The TRAWLER CRUSTAMAR, her engines, tackle, appurtenances,
etc., in rem, and the owners of the Trawler "Crustamar" in
personam, pursuant to Writ of Foreign attachment, Seacrust,
Ltd., a Bahamian Corporation, et al., Defendants-Appellants.
 No. 76-1999.
 United States Court of Appeals,
Fifth Circuit.
 April 17, 1978.
 
 John A. DeVault, III, Jacksonville, Fla., Keith S. Rosenn, Columbus, Ohio, for defendants-appellants.
 Joseph P. Milton, Almer W. Beale, II, Jacksonville, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before JONES, RONEY and TJOFLAT, Circuit Judges.
 JONES, Circuit Judge:
 
 
 1
 The appellee, W. R. Grace & Co., brought an action against the Trawler "Crustamar" and its owner, Seacrust, Ltd., a Bahamian corporation, seeking to foreclose a mortgage of the "Crustamar" given by Seacrust to Grace to secure obligations of Seacrust or a subsidiary to Grace evidenced by agreements containing a provision that, "Any controversy or claim arising out of, or relating to this agreement or its exhibits shall be submitted for arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction."
 
 
 2
 After about a year and a half of litigious maneuvering Seacrust filed a motion for a stay of proceedings pending arbitration. The district court denied the motion. Seacrust has appealed. Grace has filed a motion to dismiss the appeal.
 
 
 3
 The motion to dismiss presents the question as to whether the order is appealable. For reasons more historical than logical an order denying a stay pending arbitration in a proceeding in admiralty is not an appealable order. Such an order in an action at law is appealable. Our inquiry then becomes whether the proceeding of Grace against the "Crustamar" and Seacrust is in admiralty or at law. Although there are appurtenant problems and incidental issues, the proceeding is primarily and essentially one for the foreclosure of a ship mortgage. Although at one time the question was unresolved it is now well settled that such a proceeding is within the jurisdiction of admiralty. It follows that this order is not one from which an appeal can be taken. The appeal is DISMISSED.