634 F.2d 1156
 GAVE SHIPPING COMPANY, S.A., a corporation, as Owner of the
M/T STOLT MARGARETA, Plaintiff-Appellee,
v.
In action for exoneration from or limitation of liability,
PARCEL TANKERS, INC. and Facto, Inc.,
corporations, as Claimant, Claimant-Appellant.
 No. 78-2879.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 21, 1980.
Decided Sept. 23, 1980.
Rehearing Denied Jan. 13, 1980.
 
 William F. White, Parks, Montague, Allen & Greif, Portland, Or., for claimant-appellant.
 Erskine B. Wood, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before SNEED, ANDERSON and TANG, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Claimants-appellants Parcel Tankers, Inc. and Facto, Inc. (the time charterers) challenge an order of the district court staying their action for indemnity against petitioner-appellee Gave Shipping Co. (the shipowner). We dismiss the appeal for want of jurisdiction.
 
 I.
 
 2
 Gave Shipping owns the tanker STOLT MARGARETA. On December 5, 1975, cargo aboard the vessel, then under time charter to Parcel Tankers, suffered damage in violent weather about two days off the coast of Oregon. Cargo owners sued both the time charterers, as carrier of the cargo, and the shipowner. The shipowner petitioned the district court for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 183, 186 (1976). In the limitation proceeding the time charterers asserted a claim against the shipowner for indemnification of any amount in which they should be held liable to the cargo owners. As time charterers, unlike bareboat charterers, they were not entitled to bring the claims against them into concourse with others in the limitation proceeding. The shipowner and the charterers jointly refunded carriage charges to the limitation proceeding claimants in a court-approved settlement. The shipowner then moved for an order to stay the trial of the time charterers' indemnity claim so that arbitration could take place as the charter allegedly required.
 
 
 3
 The charter held the shipowner liable for contamination of cargo caused by the vessel's unseaworthiness at the time of loading if the shipowner could have discovered this condition in the exercise of due diligence. "Any differences and disputes of whatsoever nature arising out of (the) Charter" were to be put to arbitration in New York following a procedure that called for the joint appointment of arbitrators. After arbitrators were appointed and until they closed the proceedings, the provision gave each party the "right" to submit other disputes arising from the charter for arbitration. The parties had arbitrated other disputes already and arbitrators were still empaneled at the time of the motion. The charterers did not argue that the arbitration provision was inapplicable on its face in this instance but insisted that the shipowner's initial choice of an admiralty forum operated as a waiver of the right to put this matter to arbitration.
 
 
 4
 The district court granted the motion to stay pending arbitration, apparently believing that 9 U.S.C. § 3 (1976) applies. The court also denied a motion by appellants to certify for this court's consideration the issue of the propriety of the stay. See 28 U.S.C. § 1292(b) (1976). Appellants nonetheless filed a notice of appeal, relying on 28 U.S.C. § 1292(a) (1976), in order to urge their waiver theory. We do not reach the merits because we conclude that a stay in these circumstances is not appealable.
 
 II.
 
 5
 Superficially, this appears to be a simple case. As it turns out, this appearance was not deceiving although considerable research and analysis was necessary before first impressions were confirmed. The proper solution, we hold, is to treat the stay as not appealable. It is merely an order regulating the business of the district court.
 
 
 6
 To reach this conclusion it was necessary to determine whether any provision of 28 U.S.C. § 1292 permits an interlocutory appeal under the circumstances this case presents. Only two subsections are possibly available for this purpose, subsections (a)(1) and (a)(3). The latter subsection clearly fails to permit an appeal. Even if this is an "admiralty case" for the purposes of that subsection, which as will appear below it is, the stay in this case does not determine "the rights and liabilities of the parties." The district court retains jurisdiction over the indemnity claims, and if at the conclusion of the arbitration a party wishes to rely on the arbitration award, it must assert the award as an affirmative defense. F.R.Civ.P. 8(c); see Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 456, 55 S.Ct. 475, 476, 79 L.Ed. 989 (1935).
 
 
 7
 Subsection (a)(1) presents a much more difficult issue because of the Enelow-Ettelson rule. Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935). This is not the place either to trace the history of this rule or to recite the views of the rule's critics. These are found elsewhere. 9 Moore's Federal Practice P 110.20(3), at 240-46 (1980); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2962 (1973). The rule permits an appeal from an interlocutory order granting or denying a stay "if (a) the action in which the motion for a stay was made could have been maintained as an action at law before the merger of law and equity, and (b) the stay was sought to permit prior determination of an equitable defense or counterclaim." Danford v. Schwabacher, 488 F.2d 454, 455 (9th Cir. 1973). The theory is that such a stay is the equivalent of an injunction from the granting of which an appeal lies under section 1292(a)(1). See Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 182-83, 75 S.Ct. 249, 99 L.Ed. 233 (1955). It is recognized by controlling authority that a stay in an action at law pending arbitration is an assertion of an equitable defense. See Shanferoke Coal and Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935).
 
 
 8
 The issue, therefore, may be said to be whether the proceeding in the district court in this case can be said to be an "action at law before the time of the merger of law and equity" for the purposes of the Enelow-Ettelson rule. We hold that it cannot be so characterized. The proceeding presently before the district court concerns the rights and duties of the shipowner and the charterer of the ship as fixed by the charter. Long ago it was established that "charter-parties . . . are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress, and cognizable in courts of admiralty by process either in rem or in personam." Morewood v. Enequist, 64 U.S. (23 How.) 491, 493-94, 16 L.Ed. 516 (1860). This holding reflects the rejection by the Supreme Court of the spatial limitations of admiralty jurisdiction applicable to contracts that existed in England at the time of the American Revolution, see New Jersey Steamboat Co. v. Merchants' Bank, 47 U.S. (6 How.) 344, 12 L.Ed. 465 (1848), and is the basis for Justice Harlan's observation: "The boundaries of admiralty jurisdiction over contracts-as opposed to torts or crimes-(are) conceptual rather than spatial ...." See Kossick v. United Fruit Co., 365 U.S. 731, 735, 81 S.Ct. 886, 890, 6 L.Ed.2d 56 (1961). In addition, it is worth noting, although this does not control the determination, that the shipowners' complaint identifies its claim as a maritime claim pursuant to F.R.Civ.P. Rule 9(h) and venue was fixed pursuant to F.R.Civ.P. Rule F(9).
 
 
 9
 We hold, therefore, that this is an action in admiralty and not "an action at law" for the purposes of the Enelow-Ettelson rule. Our analysis corresponds to that employed by the Second Circuit in connection with a suit on an ocean-going bill of lading in which application of the Enelow-Ettelson rule was rejected. Tradax Limited v. Holendrecht, 550 F.2d 1337, 1340 (2d Cir. 1977).
 
 
 10
 We acknowledge that it would be possible to characterize the charterer's indemnity claim against the shipowner in this case as one in indebitatus assumpsit, the common law form of action available to one seeking indemnity from another. See F.W. Maitland, The Forms of Action at Common Law 69-70 (1936). This would permit invocation of the Enelow-Ettelson rule with the result that the stay would be an appealable order. We prefer to select a characterization that reflects the salty flavor of the transaction between the parties as well as the reality that it is the charter, a maritime contract, that governs their relationship. Moreover, even if it be assumed that indemnification could be obtained in equity under an equitable contribution theory, see F.W. Maitland, Equity: A Course of Lectures 155-56 (ed. J. Brunyate 1936), and that this claim is analogous, the stay remains an interlocutory order from which an appeal does not lie. Stays in equitable proceedings are not within the Enelow-Ettelson rule. See Carcich v. Rederi A/B Nordie, 389 F.2d 692, 695 (2d Cir. 1968).
 
 
 11
 As an original matter it could be argued that there should be an admiralty Enelow-Ettelson rule, making stays to permit arbitration appealable under section 1292(a)(1). Such an extension would be no more inconsistent with ordinary notions of finality than is Enelow-Ettelson itself. The possibility is foreclosed, however, by Schoenamsgruber v. Hamburg American Line, supra, in which it was held that such a stay was not appealable under section 1292(a) (1). The Supreme Court reasoned that, inasmuch as admiralty courts do not have general equitable jurisdiction, a stay to permit arbitration could not be viewed as the granting of an injunction for purposes of section 1292(a)(1). Also, as indicated above, the Court held that section 1292(a)(3) was not available to render the stay appealable.
 
 
 12
 The Court's reasoning is not entirely satisfactory. A court that can apply equitable principles, as can an admiralty court, id. 294 U.S. at 457-58, 55 S.Ct. at 476-77, and which in limitations proceedings has the power to issue injunctions, see Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 217-18, 47 S.Ct. 357, 359-60, 71 L.Ed. 612 (1927), cannot be said to be wholly lacking in equitable powers. However, inasmuch as the Enelow-Ettelson rule is intrinsically arbitrary under modern notions of procedure perhaps the best justification for Schoenamsgruber is that it promotes the goal of finality of appealable orders and prevents the rule from further complicating admiralty cases. In any event, although the Second Circuit has commented at some length on the analytically anomalous character of Schoenamsgruber, see Tradax Limited v. Holendrecht, supra, 550 F.2d at 1339-40, its authority is undiminished and controlling in this case.
 
 
 13
 The collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), has not been urgently pressed upon us by the appellant nor would it have been rewarding to do so. It did not overrule Schoenamsgruber. We need not, therefore, consider what the proper disposition of this case would be were the collateral order doctrine the sole applicable authority.
 
 
 14
 We decline to treat the notice of appeal as an application for a writ of mandamus. Even if we were to do so, we would not grant the writ. See, e. g., Bauman v. United States District Court, 557 F.2d 650 (9th Cir. 1977).
 
 
 15
 Appeal Dismissed.