CONSTRUCTORA SUBACUATICA DIAVAZ, S.A., Plaintiff-Appellee Cross-Appellant,

v.

M/V HIRYU, her engines, tackle, apparel, etc., In Rem, SKG Centre Co., Ltd. and Sekai Shigen Kaihatsu, Inc., Defendants-Appellants Cross-Appellees.

No. 83–2155.

United States Court of Appeals, Fifth Circuit.

Oct. 13, 1983.

---

Vinson & Elkins, Francis I. Spagnoletti, Houston, Tex., for defendants-appellants cross-appellees.

Eastham, Watson, Dale & Forney, Michael D. Sydow, Wm. A. Durham, Houston, Tex., for plaintiff-appellee cross-appellant.

Before RUBIN, TATE and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Both parties attempt to appeal a judgment dismissing writs of attachment, garnishment, and seizure in rem of a vessel, the M/V HIRYU, conditioned on the "parties submitting to arbitration in Oslo, Norway; the parties waiving any statute of limitations defense that may have arisen while this action was pending before the Court; and the Defendants posting appropriate security with the arbitration tribunal in Oslo, Norway." Because this judgment is final neither in form nor effect, we dismiss the appeal.

Constructora Subacuatica Diavaz, S.A., (Diavaz) time chartered the M/V HIRYU from SKG Centre Co., Ltd. (SKGC). Contending that its contract had been breached, Diavaz filed suit in the Southern District of Texas, Houston Division, asserting in rem claims against the M/V HIRYU and in personam claims against SKGC, Sekai Shigen Kaihatsu, Inc. (SSK) (who appears to be the owner of the vessel), and Ryoichi Sasagawa (who appears to be the principal stockholder in SSK). Diavaz's complaint sought a writ of seizure against the vessel pursuant to Rule C of the Admiralty Supplemental Rules, and a writ of attachment and garnishment, pursuant to Supplemental Rule B, against SKGC, SSK, and Sasagawa, affecting their goods, chattels, credits and effects, including their interests in the vessel. After an ex parte hearing before the district judge, the writs were issued. Both parties later participated in a conference before the district judge; whether or not this was a hearing is an issue we do not now decide. Thereafter, SKGC, SSK, and the M/V HIRYU filed motions to dismiss and to vacate the writs. The district court granted the motion, conditioned as we have indicated, and both parties appealed. Sasagawa neither appeared nor appeals, declining, counsel for the other vessel interests informs us, to risk submitting himself to the jurisdiction of the court.

■ A judgment dismissing an action is patently final, and, therefore, appealable

under 28 U.S.C. § 1291. A judgment vacating writs of attachment, garnishment and seizure is not final because it does not dispose of the entire cause on the merits. But, like a judgment requiring the posting of security as a condition to bringing a stockholder derivative action, such a judgment may be appealable if it finally determines a claim "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole cause is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528, 1536 (1949).

The Supreme Court has held that an order vacating an attachment has *Cohen*-type finality. *Swift & Co. Packers v. Compania Colombiana del Caribe,* 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). Appellate review of such an order at a later date "would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible." 339 U.S. at 689, 70 S.Ct. at 865, 94 L.Ed. at 1210.

"The situation is quite different where an attachment is upheld pending determination of the principal claim," the Court said in *Swift & Company Packers,* citing *Cushing v. Laird,* 107 U.S. 69, 2 S.Ct. 196, 27 L.Ed. 391 (1883). "In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." 339 U.S. at 689, 70 S.Ct. at 865, 94 L.Ed. at 1211. Although dictum, the Court's statement is persuasive, illustrating as it does the rationale underlying the application of *Cohen.*

At the moment the vessel is still in the marshal's custody. For this reason, we have expedited the appeal. Until the condition that bond be posted in Oslo is met, the vessel will remain under seizure. No definite amount of bond has been fixed and the

record affords us no way to determine whether the bond eventually fixed, will be posted or whether the bond will be so substantial that it will be as a practical matter impossible for those who seek the M/V HIRYU's release to supply it.

The *Cohen* rule should not be unduly extended. *See In re Beef Industry Antitrust Litigation,* 607 F.2d 167, 181–82 (5th Cir.1979). Its application to review of attachments not finally dissolved would make appealable every attachment order. Since its formulation, Congress has facilitated interlocutory review by adopting the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), which permits appellate review of interlocutory orders if the district court determines that "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Our supervisory jurisdiction permits us to issue mandamus for the review of new, important, and unsettled questions.[1] No 1292(b) order has been entered here, however, and mandamus is not sought.

Nor is the district court's order appealable under either 28 U.S.C. § 1292(a)(1) or § 1292(a)(3). Section 1292(a)(3) grants the courts of appeal jurisdiction over interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases." *See Gulf Towing Co., Inc. v. S/T AMOCO NEW YORK,* 648 F.2d 242 (5th Cir.1981). No such determination has been made here. *Cf. Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935); *Tradax Limited v. M/V HOLENDRECHT,* 550 F.2d 1337 (2d Cir. 1977); *Miskiewicz v. Goodman,* 341 F.2d 828 (4th Cir.1965). Section 1292(a)(1) allows appeals of orders granting or denying injunctions. Were this a nonadmiralty case, the district court's order staying the case pending arbitration might be viewed as an equitable injunction. *See Shanferoke Coal &*

---

1. *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152, 159 (1964); *Colonial Times, Inc. v. Gasch,* 509 F.2d 517, 524–26 (D.C.Cir.1975); *United States v. Hughes,* 413 F.2d 1244, 1248–49 (5th Cir.1969), *vacated as moot sub nom. United States v. Gifford-Hill-American, Inc.,* 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970).

*Supply Corp. v. Westchester Service Corp.,* 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935). That analysis, however, has been held inapplicable to maritime cases. *Schoenamsgruber,* 294 U.S. at 457–58, 55 S.Ct. at 476–77, 79 L.Ed. at 991–92; *Tradax,* 550 F.2d at 1339–40.[2]

We recognize that this Court has entertained appeals of conditional dismissals in many admiralty cases.[3] Because the issue of appealability was not raised in those cases, we need not now decide whether they are distinguishable.

The vessel interests urge that Admiralty Rule B is unconstitutional under the doctrine of *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), that notice and a hearing is required before a person may be deprived of his property or the use of that property, absent extraordinary circumstances. *Merchants National Bank v. DREDGE GEN. G.L. GILLESPIE,* 663 F.2d 1338 (5th Cir.1981); *Amstar Corp. v. S.S. ALEXANDROS T,* 664 F.2d 904 (4th Cir.1981). We sustained the constitutionality of Rule C in *Merchants National Bank,* but it is urged that, as applied here, Rule C is unconstitutional despite that ruling. Finally it is urged that the Court lacks a constitutional basis for either personal jurisdiction or quasi in rem jurisdiction because the defendant does not have the minimum contacts with the United States exacted by *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). *See* Bohmann, Applicability of *Shaffer* to Admiralty In Rem Jurisdiction, 53 Tul.L.Rev. 135 (1978). *Cf. Merchants National Bank,* 663 F.2d at 1353 (Tate, J., dissenting). The district court has considered none of these issues and has made none of the factual determinations on which their resolution may depend.

Finality, whether defined under § 1291 or under *Cohen,* does not turn on findings of fact. Yet in deciding when an interlocutory order has *Cohen*-type finality, we must take into account the values its criteria impart. We must determine not only whether the order is a final determination, but whether it is "too important" to be denied review at the moment and "too independent of the cause itself" to be deferred—if not until the whole case is adjudicated, then at least until the record makes definitive adjudication possible.

■ Both because the district court's order lacks literal finality and because the record is inadequate for us to review the order fully at this time, we dismiss the appeal. *Cf. Drys Shipping Corp. v. Freights, Sub-Freights, Charter Hire, Etc.,* 558 F.2d 1050 (2d Cir.1977) (refusing to review an order denying a motion to vacate a vessel's attachment on the basis that the attaching party had agreed to submit the dispute to arbitration).

A vessel of great value is tied up at considerable expense, occasioning a serious economic loss. In addition, this case involves important statutory and constitutional issues that have been fully briefed and argued to a panel of the Court. If appellate review should again be sought, the process should not be unduly delayed. Therefore, if a notice of appeal is later filed by any party, the clerk is instructed to assign the appeal to the same panel. We will consider the case on the briefs already filed, together with copies of any briefs hereafter filed in the district court, and such supplemental briefs, if any, as we shall then order to be filed. The panel will also at that time determine whether or not it will direct further oral argument.

**2.** The original rationale was admiralty's lack of equitable jurisdiction. Admiralty courts now utilize remedies formerly thought to be solely equitable and not available to them. *See Compania Anonima Venezolana de Navegacion v. A.J. Perez Export Co.,* 303 F.2d 692, 699 (5th Cir.1962). Nonetheless, the rule of nonappealability remains. *See Tradax,* 550 F.2d at 1339–40.

**3.** *See, e.g., Fajardo v. Tidewater, Inc.,* 707 F.2d 858 (5th Cir.1983); *De Oliveira v. Delta Marine Drilling Co.,* 707 F.2d 843 (5th Cir.1983); *Veba-Chemie A.G. v. M/V GETAFIX,* 711 F.2d 1243 (5th Cir.1983); *Perusahaan Umum Listrik Negara Pusat v. M/V TEL AVIV,* 711 F.2d 1231 (5th Cir.1983).

For these reasons the appeal is DISMISSED.