**STATE ESTABLISHMENT FOR AGRI-CULTURAL PRODUCT TRADING, Plaintiff-Appellant,**

**v.**

**M/V WESERMUNDE, etc., et al., Defendants-Appellees.**

**No. 84–3656.**

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 1985.

David G. Hanlon, Jeanne T. Tate, Tampa, Fla., for plaintiff-appellant.

Allen Von Spiegelfeld, Tampa, Fla., for defendants-appellees.

Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN *, District Judge.

CLARK, Circuit Judge:

The appellant, State Establishment for Agricultural Product Trading (hereinafter State Establishment), brought suit alleging that a cargo of eggs had not been delivered in accordance with one or more bills of lading. Named as defendants were the M/V Wesermunde, a vessel of foreign registry which carried the eggs; Marquis Compania Naviera, S.A. and Kittiwake Compania Naviera, S.A., corporations engaged in the common carriage of cargo by sea; Pateras Brothers, Ltd. and Pateras Investment, S.A., corporations engaged in the management of ocean-going vessels including the M/V Wesermunde; and The United Kingdom Mutual Steamship Assurance Association (Bermuda) Ltd., the liability underwriter of the other defendants.

The defendants moved in district court to have the dispute referred to arbitration as provided for in the charter party and bills of lading, and to have the district court case stayed pending arbitration in accordance with the Arbitration Act. 9 U.S.C. §§ 2, 3 (1970). Although State Establishment argued that it was not bound by the

---

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

terms of the charter party as it was not a signatory to, and the dispute did not arise from, the charter party, the district court granted the defendants' motion.

■ State Establishment seeks to appeal from the order staying trial pending arbitration. The defendants, however, contend that this court lacks jurisdiction to hear an appeal from such an order. Where it appears that this court may lack jurisdiction to review an action of the district court, we are obligated to review jurisdiction before proceeding to the substance of the appeal. *Ray v. Edwards,* 725 F.2d 655, 658 n. 3 (11th Cir.1984); *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981).[1]

■ To be appealable, an order must either be final or fall into a specific class of interlocutory orders which are made appealable by statute or jurisprudential exception. *Save the Bay,* 639 F.2d at 1102.

In the seminal case, *Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935), the Supreme Court held that when a district court is sitting in admiralty, an order compelling arbitration and staying the action pending arbitration pursuant to 9 U.S.C. §§ 1–15 is (1) not a final order under 28 U.S.C. § 225 (now § 1291); (2) not an injunction under 28 U.S.C. § 227 (now § 1292(a)(1)); and (3) not an appealable interlocutory decree under the present § 1292(a)(3). *Id.* 294 U.S. at 456–58, 55 S.Ct. at 476–77.

■ Notwithstanding State Establishment's contentions to the contrary, the *Schoenamsgruber* rule remains valid and controls this case. State Establishment cites several cases from the former Fifth Circuit and other circuits in support of the proposition that an order staying court proceedings pending arbitration is appealable as a final order. These cases are inapposite. All but one deal with actions brought at law, not admiralty. The former Fifth Circuit has recognized a difference between stay orders in admiralty cases and stay orders in cases brought at law. "For reasons more historical than logical an order denying a stay pending arbitration in a proceeding in admiralty is not an appealable order" while "[s]uch an order in an action at law is appealable." *W.R. Grace & Co. v. The Trawler Crustamar,* 571 F.2d 318, 319 (5th Cir.1978). *See Texaco, Inc. v. American Trading Transportation Co., Inc.,* 644 F.2d 1152, 1154 (5th Cir.1981). The one case cited by State Establishment which may be an admiralty case is also not on point. *See Karavos Compania Naviera S.A. v. Atlantica Export Corp.,* 588 F.2d 1, 7 (2d Cir.1978) (opinion concerning maritime charter does not indicate whether case is at law or admiralty). *Karavos* simply reaffirmed two past rulings of the Second Circuit that "although an order directing arbitration is interlocutory when made in the course of continuing litigation, it is considered a final decision when handed down in an independent proceeding under § 4 of the Arbitration Act." *Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291, 294 (2d Cir.1965) (*citing Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba, S.A.,* 243 F.2d 342, 344–45 (2d Cir.1957)).[2] Thus, *Karavos* supports the conclusion that the instant order, handed down in the course of continuing litigation and not in an independent proceeding, is not a final order.

■ The present order also does not fall within any exception to the final judgment rule. State Establishment argues that the order is appealable under the collateral order doctrine enounced in *Cohen v.*

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**2.** Section 4 of Title 9 of the U.S.Code permits application to the United States district court to compel arbitration when a recalcitrant party to an agreement refuses to participate. Appeals involving this section are authorized because the sole issue before the district court is whether arbitration should be ordered. Once that decision is made, the case is at an end and the order is considered final since the district court has no unresolved issues before it.

*Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Although this doctrine is recognized in admiralty law, *Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 688–89, 70 S.Ct. 861, 864–65, 94 L.Ed. 1206 (1950), it does not overrule or alter the *Schoenamsgruber* rule. *Gave Shipping Co., S.A. v. Parcel Tankers, Inc.,* 634 F.2d 1156, 1158–59 (9th Cir.1980); *Tradax Ltd. v. Holendrecht,* 550 F.2d 1337, 1341 (2d Cir.1977); *see Rederi A/B Disa v. Cunard Steamship Co., Ltd.,* 389 U.S. 852, 853–55, 88 S.Ct. 78, 78–80, 19 L.Ed.2d 122 (1967) (Black & Douglas, JJ., dissenting from a denial of certiorari, advocate the repudiation of *Schoenamsgruber* and the application of either the final judgment rule or *Cohen* doctrine to permit appeal of an order similar to the one here).

■ The *Schoenamsgruber* rule also remains intact in regard to the statutory exceptions to the final judgment rule. The former Fifth Circuit has held that § 1292(a)(1) may not be invoked in admiralty because an interlocutory decree in admiralty may be appealed only under § 1292(a)(3). *Austracan, (U.S.A.) Inc. v. M/V Lemoncore,* 500 F.2d 237, 240 (5th Cir.1974); *Postal S.S. Co. v. International Freighting Corp.,* 133 F.2d 10, 11 (5th Cir. 1943); *Stark v. Texas Co.,* 88 F.2d 182, 183 (5th Cir.1937). Furthermore, the instant order may not be appealed under § 1292(a)(3) as it did not "determin[e] the rights and liabilities of the parties...." 28 U.S.C. § 1292(a)(3). It merely settled how and where the rights and liabilities would be determined. *See Seaboard & Caribbean Transport Corp. v. Hafen-Dampfschiffahrt,* 329 F.2d 538, 540–41 (5th Cir. 1964). Lastly, 28 U.S.C. § 1292(b) and Fed. R.Civ.P. 54(b) are of no avail as the district judge did not certify the issue for appeal.

■ State Establishment argues in the alternative that *Schoenamsgruber* does not apply because its complaint was brought both in admiralty and at law. *See Rhone Mediterranee Compagnia v. Lauro,* 712 F.2d 50, 51–52 (3d Cir.1983) (because a suit for breach of a time charter agreement may be brought in admiralty or at law, an order granting a stay pending arbitration may be immediately appealed). At first glance, this approach appears worthy of consideration in the present case. An action for damage to cargo may be brought at law or in admiralty. *See La Nacional Platanera v. North American F. & S.S. Corp.,* 84 F.2d 881 (5th Cir.1936); *contra Gave Shipping,* 634 F.2d at 1157–58; *Tradax,* 550 F.2d at 1340. In regard to the prayer for relief, although the *in rem* portion is recognizable only in admiralty, the *in personam* claims also may be brought at law or in admiralty. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 359–60 & n. 2, 82 S.Ct. 780, 783–84 & n. 2, 7 L.Ed.2d 798 (1962). Additionally, State Establishment's invocation of admiralty and diversity jurisdiction was a proper method of bringing an action both in admiralty and at law.[3] *Powell v. Offshore Navigation, Inc.,* 644 F.2d 1063, 1068 (5th Cir.), *cert. denied,* 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981); *cf. Tradax,* 550 F.2d at 1340. However, State Establishment had no right to invoke diversity jurisdiction in this case. State Establishment, a government agency of Iraq, may bring suits under the diversity statute against citizens of a state or citizens of several states. 28 U.S.C. § 1332(a)(4) (1985). According to the complaint, Marquis Compania Naviera, S.A. is a Panamanian corporation; Kittiwake Compania Naviera, S.A. is a Panamanian corporation with an office and place of business in Greece; Pateras Brothers, Ltd. and Pateras Investment, S.A. are incorporated under the laws of "some foreign country or countries" with an office and principal place of business in Greece; and the United

---

**3.** The pleading of alternative jurisdictional bases is a common practice. Thus, a plaintiff may invoke both diversity jurisdiction under 28 U.S.C. § 1332 and admiralty jurisdiction under 28 U.S.C. § 1333 if the subject matter may be heard pursuant to either statute. *See Drachenberg v. Canal Barge Co., Inc.,* 571 F.2d 912, 918 n. 10 (5th Cir.1978); *Stern, Hays & Lang, Inc. v. M/V Nili,* 407 F.2d 549, 550 (5th Cir.1969).

Kingdom Mutual Steamship Assurance Association (Bermuda) Ltd. is a British corporation doing business in England and Florida. The complaint does not state that United Kingdom Mutual has its principal place of business in Florida. Thus, because none of the defendants are citizens of any state, State Establishment may not claim diversity jurisdiction.[4] 28 U.S.C. § 1332(a)(4).

Because diversity jurisdiction does not exist, it would not be proper for this court to decide whether the invocation of both admiralty and diversity jurisdiction permits a party to enjoy the benefits of both types of jurisdiction while avoiding the drawbacks of each. As only admiralty jurisdiction exists in the instant case, *Schoenamsgruber* controls and mandates a dismissal for lack of jurisdiction.[5]

DISMISSED.

4. If State Establishment is considered an alien under the diversity statute, diversity still does not exist as the presence of alien defendants destroys complete diversity. *See* 14 Wright & Miller & Cooper, Federal Practice and Procedure § 3661 (1985).

5. This court is aware of the strong federal policy in favor of enforcing arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 1240–43, 84 L.Ed.2d 158 (1985). Although the denial of an appeal from an order staying a case pending arbitration would facilitate the policy in favor of arbitration by removing one more time consuming obstacle, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 21, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983), the policy plays no part in this court's decision to dismiss the appeal for lack of jurisdiction. The policy favoring arbitration does not and may not control the determination of appellate jurisdiction.